IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRIPLE T FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2334-JWL |
| ) | |
| DIVERSIFIED INGREDIENTS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Plaintiff Triple T Foods, Inc. ("Triple T") asserts claims against defendant Diversified Ingredients, Inc. ("Diversified") relating to allegedly rancid chicken meal sold by Diversified to Triple T for use in pet food products. Triple T filed this action after Diversified filed an action against Triple T involving the same issues in Missouri. Diversified now moves to dismiss this action, or in the alternative to transfer or stay this action, based on the "first-to-file" rule (Doc. # 8). Triple T argues that the Court should not apply the "first-to-file" rule in this case, and it moves the Court for an order requiring Diversified to dismiss its Missouri declaratory judgment count in which the chicken meal dispute has been raised (Doc. # 11). For the reasons set forth below, the Court **denies** Triple T's motion, **grants in part** Diversified's motion, and stays this action until the parties' Missouri action is terminated.

## I. Background

The parties appear not to dispute the following sequence of events.

On February 16, 2009, Triple T's president called Diversified's president to complain about allegedly rancid chicken feed sold by Diversified to Triple T. In a subsequent conversation on February 27, 2009, Triple T's president told his counterpart at Diversified that Triple T would not pay over $600,000 that was owed to Diversified on other contracts because Diversified would not pay that approximate amount as damages relating to the rancid chicken meal. In mid-March, Triple T's counsel discussed the matter with Diversified's counsel, and on March 23, 2009, Triple T's counsel sent a letter demanding damages from Diversified in the amount of $659,714.48 relating to the chicken meal. On April 9, 2009, Diversified's counsel responded with his own demand to Triple T for $660,801.19 owed on the unrelated contracts. The attorneys again discussed the matter by telephone on April 30, 2009. During that conversation, Diversified's counsel did not indicate that he was about to file suit.

On May 1, 2009, Diversified filed suit against Triple T in the Circuit Court for St. Louis County, Missouri. Diversified alleged, under a number of legal theories, that Triple T owed $660,801.19 on the unrelated contracts. Diversified also asserted a count by which it sought a declaratory judgment determining the parties' rights regarding the chicken meal contract. On May 1, Diversified requested a special process server, and on May 12, 2009, the Missouri court issued and mailed a summons to Diversified's counsel. On May 17, 2009, after a telephone call between the parties' attorneys,

Diversified's counsel notified Triple T's counsel that Diversified had filed suit on May 1. On May 18, 2009, Diversified's counsel sent the summons to the special process server, and the Missouri suit was served on Triple T on May 21, 2009.

On May 22, 2009, Triple T filed the instant action against Diversified in the District Court for Crawford County, Kansas. Triple T asserts claims sounding in breach of contract, breach of the implied warranty of merchantability, and negligence, and it seeks $659,184.47 in damages relating to the rancid chicken meal. On June 19, 2009, Triple T removed the Missouri state court case to the United States District Court for the Eastern District of Missouri (No. 4:09-cv-956). On June 22, 2009, Diversified removed the present action to this Court. Triple T has filed a motion to dismiss for lack of personal jurisdiction in the Missouri action, and briefing on that motion has been stayed pending limited discovery relating to jurisdiction.

## II.    Analysis

Diversified argues that the Court should dismiss this action so that the previously-filed action still pending in Missouri may proceed. In the alternative, Diversified argues that the Court should transfer this case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) or stay proceedings in this case until the termination of the Missouri case. Triple T argues that the chicken meal dispute should be heard in this Court, and to that end, it seeks an order requiring Diversified to dismiss its declaratory judgment count in the Missouri action. Despite Triple T's request, which would seem to seek

separation of the chicken meal litigation from the litigation of the parties' other contractual disputes, both parties insist that all of their disputes should be heard together.[1]

Diversified relies on the "first-to-file" rule, which has been adopted in the Tenth Circuit. "The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (applying "the general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). The Tenth Circuit has noted some of the purposes for the rule as follows:

> Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

*Buzas Baseball, Inc. v. Board of Regents of Univ. Sys. of Ga.*, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpub. op.) (quoting *Sutter Corp. v. P & P Indus.*, 125 F.3d 914, 917 (5th Cir. 1997)). In the present instance, both the initial filing in state court and

---

[1] In moving to dismiss for lack of personal jurisdiction in the Missouri action, it does not appear that Triple T has also moved that Diversified's declaratory judgment count in that case be dismissed in deference to the present action in this Court.

4

the removal to federal court occurred first with respect to the Missouri action. Thus, under the general rule, this Court would decline consideration of any issues relating to the parties' chicken meal contract until the Missouri action had been terminated.

Triple T argues that the Court should not apply the first-to-file rule here. In a single unpublished case, the Tenth Circuit held that a district court did not abuse its discretion in refusing to apply the first-to-file rule. *See Buzas*, 1999 WL 682883, at *3. In *Buzas*, the Tenth Circuit stated that "[a] district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Id.* at *3 (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) and *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967)). There, the Tenth Circuit noted that the parties had agreed that the plaintiff could continue to use the defendant's mark for another baseball season (which meant that the defendant had no reason to believe that any infringement issues needed to be litigated immediately) and that the plaintiff had admitted that "one consideration in filing this action was its concern that defendant would file suit." *See id.*

This Court refused to deviate from the first-to-file rule in *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188 (D. Kan. 2005). In *Big Dog*, the plaintiff filed suit in California, then filed distinct claims in this Court, which were then considered first-filed with respect to the counterclaims that the defendant filed in the California action that raised the same issues as the plaintiff's Kansas claims. *See id.* The

5

Court concluded that litigation between the parties on the Kansas issues was likely inevitable, and thus the plaintiff was not racing to the courthouse to invoke needless litigation; that the plaintiff's filing of the Kansas claims did not seem "improper, hasty, or unnecessary" in light of the parties' attempts to resolve the dispute without litigation; that the plaintiff appeared to have filed the suit "out of a concern for its own interests rather than merely in an attempt to preempt [the defendant] from asserting claims to resolve the issue;" and that there was "nothing unjust" about the plaintiff's filing of the separate suit in Kansas. *See id.* at 1196. Thus, the Court applied the first-to-file rule and denied the defendant's motion to transfer the case to California. *See id.* at 1196-97; *see also Raytheon Aircraft Co. v. Rio Bravo Helicopters, Inc. of Del.*, 2006 WL 3068881, at *2 (D. Kan. Oct. 25, 2006) (following the first-to-file rule where the court could find nothing "improper or untoward" in the plaintiff's filing and the record failed to establish that the filing was "the sort of disfavored procedural fencing which sometimes causes courts to grant relief from the first-to-file rule").

As in *Big Dog*, the Court concludes that there is no reason not to apply the first-to-file rule in the present case. The Court does not believe Diversified was overly hasty in filing the Missouri action, which was not filed immediately after the dispute arose or even immediately after the exchange of demand letters. Moreover, the Court finds it significant that the Missouri action also includes Diversified's affirmative claims for damages for Triple T's failure to pay on the unrelated contracts, as those claims suggest that Diversified filed the Missouri action to further its own interests, and not solely to

6

thwart Triple T. Nor was Diversified needlessly creating litigation in asserting its declaratory judgment count, as the chicken meal dispute was bound for the courts once Diversified asserted its other claims. The Court simply cannot find anything improper or unjust or untoward about Diversified's decision to join the chicken meal dispute to its affirmative claims against Triple T in the Missouri action and to file those claims before Triple T filed its own suit. Accordingly, the Court concludes that the generally-applicable first-to-file rule should be followed in this case.[2]

The Court further notes that Triple T's objection to personal jurisdiction in the Missouri action is irrelevant to the Court's application of the first-to-file rule, as the Missouri court must first be given the opportunity to decide such issues of venue and jurisdiction. *See Hospah*, 673 F.2d at 1164 (court with first filing decides venue questions first); *Cessna*, 348 F.2d at 692 (challenge to first court's jurisdiction does not change application of first-to-file rule); *Ed Tobergate Assocs., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F. Supp. 2d 1197, 1199 (D. Kan. 1999) (parties' challenges to courts' jurisdiction does not alter application of first-to-file rule, following *Cessna*). In light of that challenge, however, the Court deems it appropriate in the present case merely to stay proceedings, rather than to dismiss the action, so that the litigation in this Court could

---

[2]The Court also notes that the procedural history of this case does not invoke the district court's discretion in deciding whether to entertain a first-filed declaratory judgment action, as was the case in *Buzas* where the district court chose not to follow the first-to-file rule.

7

be revived if the Missouri case is ultimately dismissed other than on the merits.[3]

Accordingly, the Court, in its discretion, orders that the present action be stayed until termination of the parties' suit in the United States District Court for the Eastern District of Missouri, or until further order of this Court as appropriate.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Diversified's motion to dismiss or, in the alternative, to transfer or stay the case is **granted in part**. The present action is stayed until the parties' action pending in the United States District Court for the Eastern District of Missouri is terminated, or until further order of the Court as appropriate.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff Triple T's motion for an order requiring defendant Diversified to dismiss its declaratory judgment

---

[3]The Court also declines to transfer the case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). The Court rejects Diversified's arguments based on the warehousing of the rancid chicken meal in Joplin, Missouri (as Joplin is actually closer to this Court than to St. Louis) and the fact that St. Louis is closer geographically to Triple T's customers in Pennsylvania and Connecticut who might become involved in the litigation (as any witnesses would likely be flying to either possible court site). It is true that Diversified is located in St. Louis and that its other claims against Triple T are pending there. Diversified has not analyzed any of the other applicable factors, however, and thus Diversified has not overcome the strong presumption in favor of the choice of this forum by Triple T as plaintiff. *See, e.g.*, *Big Dog*, 351 F. Supp. 2d at 1193 (citing factors and presumption). Thus, Diversified has not shown that transfer is appropriate here other than as a possible result of applying the first-to-file rule. As stated above, however, the Court concludes that a stay would be more appropriate than a transfer of venue, in light of the jurisdiction challenge pending in the Missouri action.

count in the Missouri action is **denied**.

       IT IS SO ORDERED.

       Dated this 11th day of September, 2009, in Kansas City, Kansas.

                                        <u>s/ John W. Lungstrum</u>
                                        John W. Lungstrum
                                        United States District Judge